UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD PHILLIPS,

                    Plaintiff,                          Case No. 16CV9808

    -against-

MOBILE CITY NY, LLC and TSOUMPAS SISTERS INC.,    COMPLAINT

                    Defendants.

---

        Plaintiff, Richard Phillips (hereafter referred to as "plaintiff"), by his attorney, Donald J. Weiss, as and for the Complaint in this action against defendants MOBILE CITY NY, LLC ("Mobile") and TSOUMPAS SISTERS INC. ("Landlord"; together with Mobile, referred to as "Defendants"), hereby alleges as follows:

        1.       This is a civil action to redress discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36.

        2.       Plaintiff also asserts claims pursuant to the New York State Executive Law (the "Executive Law") § 296, the New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

        3.       Mobile owns and operates a Sprint mobile phone store at the premises known and designated as 606 9th Avenue, New York, New York (the "Property").

        4.       Landlord is the owner of the Property.

        5.       Landlord allows and permits Mobile to occupy the Property pursuant to a written agreement.

        6.  As explained more fully below, the Defendants own, operate and control a place

of public accommodation which is in violation of the above referenced laws.

## JURISDICTION AND VENUE

7. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. seq.. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination occurred in this district and Defendants' place of public accommodation is located in this district.

## PARTIES

9. At all times relevant to this action, Plaintiff has been and remains a resident of the State and City of New York.

10. Plaintiff qualifies as an individual with disabilities as defined by the ADA (and the related New York City and State laws) as he utilizes a wheelchair to ambulate since an automobile accident in 2004.

11. Mobile is a domestic limited liability company, duly organized and existing pursuant to the laws of the State of New York.

12. Landlord is a domestic corporation, duly organized and existing pursuant to the laws of the State of New York.

## FACTS

13. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Sprint store is a public accommodation in that it is an establishment which provides goods and services to the public.

14. Plaintiff, a former member of the US military, has his cell telephone service

through Sprint and it is humiliating and frustrating for him to be unable to enter the Sprint store to pay his bill, reduced, instead, to being compelled to sit on the sidewalk while someone else completes this rudimentary task.

15. It is particularly degrading for Plaintiff to participate in the current process he is subjected to when he goes to pay his bill, which is to wait on the sidewalk for an employee to come outside to take his payment and then, once that has happened, continue to sit there until an employee returns with his receipt.

16. It is even more of an inconvenience, and humiliating, when his phone is in need of repair, as Plaintiff is then compelled to sit on the sidewalk for long periods of time until the phone is fixed and returned to him.

17. Defendants' discriminatory conduct is particularly egregious as they were previously sued in this Court for the same violations of the ADA alleged herein[1] yet failed to remove the discriminatory barrier, as required by law.

18. The Plaintiff lives in the neighborhood where the Property is located and he goes there on at least a monthly basis, the last time prior to the filing of this action having been on or about December 5, 2016.

19. He looks forward to the day that Defendants' discrimination ends and he is able to pay his bill, and get service for his phone, when needed, without seeking the assistance of others.

20. Records of the New York City Department of Buildings reveal that there was a restaurant located at the Property where the Sprint store now sits.

---

[1] Hirsch v. Mobile City, LLC et. al.; Case No. 11CV09012

21. Upon information and belief, substantial alterations were required to remove the restaurant and set up the Sprint store, although further records identifying those alterations were not filed.

22. The barrier to access to the Sprint store consists of an 8 ½ rise at the entrance which Plaintiff is unable to navigate in his wheelchair.

23. As a result, there is no accessible route for the Plaintiff to move from the sidewalk into the Sprint store. The step at the door creates a rise within the maneuvering clearance of the entrance that Plaintiff cannot navigate in his wheelchair, in violation of the 2010 ADA Standards for Accessible Design (the "Standards") §§201.1, 206.2.1, 206.4, and 402.

24. In addition, the Standards require that any rise over ½" on an accessible route be ramped. Defendants' failure to ramp the rise at the entrance therefore violates §§206.4, 303.4, 402.1, 402.2, 403.4, 404 and 405.

25. Finally, the absence of a ramped entrance results in the failure to provide an accessible means of egress, in violation of Standards §207.

## COUNT I - VIOLATION OF THE ADA

26. The ADA prohibits discrimination on the basis of disability and guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

27. The Plaintiff is informed and believes that the Property has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

28. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations

at the Property, in violation of the ADA.

29.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Sprint store.

30.     Plaintiff last visited the Sprint store with the intention of utilizing Defendants' facilities, knowing, however, that he would be forced to sit outside as the discriminatory barrier in place prevented his entry.

31.     Plaintiff continues to live in the neighborhood where the Property is located and will continue to visit the Property in the future, but continues to be injured and discriminated against due to the architectural barrier which remains at the Property, in violation of the ADA.

32.     To date, the violation of the ADA still exists and has not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

33.     The Defendants continue to deny Plaintiff, who wishes to enjoy the Sprint store's services and opportunities which are equal to that afforded to others, by discriminating on the basis of a disability. 42 U.S.C. §§ 12182(b)(l)(A)(ii) and 12182(b)(l)(D)(i); 28 C.F.R. §§ 36.202(b) and 36.204.

34.     Defendants could have removed the illegal barrier at the Sprint store by ramping, with a railing, the step at the entrance.

35.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Property to make it readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and closing the Sprint store until the requisite modifications are completed.

### COUNT II - VIOLATION OF THE EXECUTIVE LAW

36. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

37. The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because he is disabled.

38. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

39. The Defendants have discriminated against Plaintiff in violation of Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

40. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

41. It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

42. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

43. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

**COUNT III- VIOLATION OF THE ADMINISTRATIVE LAW**

44. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

45. The Defendants have, and continue, to subject P1aintiff to disparate treatment by

directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

46. The Defendants have discriminated against Plaintiff in violation of Administrative Code § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

47. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130.

48. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

49. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

50. The Defendants' long-standing refusal to make their place of public accommodation fully accessible was egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

51. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

52. By refusing to make the place of public accommodation accessible, the Defendants have unlawfully profited from their discriminatory conduct by receiving revenues from unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible.  The unlawful profits plus interest must be disgorged.

53. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

## COUNT IV - VIOLATION OF THE CIVIL RIGHTS LAW

54. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

55. The Defendants have discriminated against plaintiff pursuant to the Executive Law.

56. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

57. Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

58. Plaintiff will continue to experience unlawful discrimination as a result of the Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

59. Injunctive relief is also necessary to make the Property readily accessible to and

usable by Plaintiff in accordance with the above-mentioned laws by compelling Defendants to ramp, with railings, the entrance to the Sprint store.

## DECLARATORY RELIEF

60. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

61. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of Defendants' violations of the

the New York State Executive Law and the Administrative Code of the City of New York;

E.  Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as for their violations of the Administrative Code of the City of New York;

F.  Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

G.  Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

H.  Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I.  Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: December 19, 2016

*Donald J. Weiss*

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza, Suite 4701
New York, New York 10119
(212) 967-4440